UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH A. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV556 TCM |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

BRIEF IN SUPPORT OF THE ANSWER

Summary of Defendant's Brief

Plaintiff is a 47-year-old man, who obtained his general education diploma (GED) and a truck driving school certificate, and had past work as a construction laborer and factory production machine operator. He filed applications for disability insurance benefits and supplemental security income based primarily on "plates in legs, pins in ankle, cracked vertebrate, spine." An administrative law judge (ALJ) considered Plaintiff's claims and found that Plaintiff had severe physical impairments, but none that met or equaled the requirements of any listed impairment. He found that Plaintiff's allegations of disabling symptoms were not credible based on his consideration of the inconsistencies between Plaintiff's claims and the objective medical evidence, the medical opinions, and Plaintiff's minimal and conservative treatment. Plaintiff argues that the ALJ erred in considering that he did not seek medical care and took only ibuprofen for pain; however, these were proper considerations by the ALJ, and as those considerations were supported by the evidence, the Court should not disturb the ALJ's credibility determination. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform sedentary and light work as defined in the regulations with additional

postural and environmental restrictions. Although Plaintiff argues that the ALJ erred in evaluating the medical opinions and formulating the RFC, the ALJ's discussion of the RFC is well-reasoned and well-supported. He gave good reasons for the basis of the RFC and was not required to adopt the opinion of the physical consultative examiner. Relying on vocational expert testimony, the ALJ concluded that Plaintiff could perform work that exists in significant numbers in the national economy. The ALJ's determination is supported by substantial evidence, and should be affirmed. Although Plaintiff argues that additional evidence submitted only to the Appeals Council requires remand, this is not the case. This evidence was obtained after the ALJ's decision, and thus outside the relevant time period. To the extent that Plaintiff argues the medical opinion relates to the time period at issue, the Appeals Council found that the ALJ's decision remained supported by substantial evidence, and this Court should find the same.

## Nature of Action and Prior Proceedings

Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385 (Tr. 132-38, 139-46). Sections 205(g) and 1631(c)(3) of the Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), provide for judicial review of a "final decision" of the Commissioner of the Social Security Administration. Plaintiff's claims were denied initially (Tr. 87-91). On February 21, 2013, following a hearing, an ALJ found that Plaintiff was not under a "disability" as defined in the Act (Tr. 11-23).

After careful consideration of the entire record, the ALJ found that Plaintiff had severe impairments that included residuals of an old gunshot wound to the right distal femur with retained internal fixation; post-traumatic degenerative arthritis of right subtalar joint and right calcaneus; and spondylolitic spondylolisthesis, Grade II, of L5-S1 with degenerative disc disease

of the lumbosacral spine (Tr. 14). He found that Plaintiff's depressive disorder, in remission, was not a severe impairment (Tr. 15). The ALJ found that none of Plaintiff's impairments, either singly or in combination, met or equaled the requirements of any impairment listed in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 15). The ALJ determined that Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb stairs and ramps, never climb ladders, ropes or scaffolding, and needs to be able to alternate sitting and standing. The claimant should not do work driving motor vehicles. Additionally, the claimant can perform sedentary work except he can occasionally climb stairs and ramps, never climb ropes, ladders, scaffolds, and needs to be able to alternate sitting and standing.

(Tr. 15). The ALJ found that Plaintiff's impairments would not preclude him from performing work that exists in significant numbers in the national economy, including work as a parking lot attendant; contribution solicitor; cashier II; surveillance systems monitor; order clerk, food and beverage; and table worker (Tr. 21-22). Consequently, the ALJ found that Plaintiff was not disabled (Tr. 22-23).

On January 24, 2014, the agency's Appeals Council denied Plaintiff's request for review (Tr. 1-4, 330-63). Thus, Plaintiff has exhausted his administrative remedies, and the ALJ's decision stands as the final decision of the Commissioner subject to judicial review. Plaintiff's Complaint followed.

## Statement of Facts

Plaintiff protectively filed his applications for disability insurance benefits under Title II, and for SSI under Title XVI, on October 13, 2010 (Tr. 132-38, 139-46). He stated that he was born in 1965, and alleged that he became disabled beginning April 1, 2008 (Tr. 132, 139). Plaintiff's insured status under Title II of the Act expired on June 30, 2012 (Tr. 11). In his Disability Report, he alleged disability due to "plates in legs, pins in ankle, cracked vertebrate,

spine" (Tr. 219). Defendant adopts the facts as set forth by the ALJ regarding Plaintiff's medical treatment and vocational history (Tr. 11-23). A more specific analysis of the facts is incorporated into the Argument below.

Statement of the Issues

The general issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The specific issues in this case are:

A. Whether the ALJ reasonably evaluated both the credibility of Plaintiff's subjective testimony about the extent of his symptoms and the medical opinions of record in formulating Plaintiff's residual functional capacity;

B. Whether the ALJ properly found that Plaintiff could perform "other work" that exists in significant numbers in the national economy; and

C. Whether additional evidence presented only to the Appeals Council requires remand.

Standard of Review

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. See Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. See Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008). Evidence that both supports and detracts from the Commissioner's decision should be considered, and an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. See Finch, 547 F.3d at 935.

A court should disturb the ALJ's decision only if it falls outside the available "zone of

choice" and a decision is not outside that zone of choice simply because the court may have reached a different conclusion had the court been the fact finder in the first instance. Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011); see McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010) (if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and [the court] may have reached a different outcome"). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010); Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001).

Argument

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. § 423(d). The disability, and not only the impairment, must have existed or be expected to exist for 12 months. See Barnhart v. Walton, 535 U.S. 212 (2002).

A. The ALJ Reasonably Evaluated Both the Credibility of Plaintiff's Subjective Testimony about the Extent of His Symptoms and the Medical Opinions of Record in Formulating Plaintiff's Residual Functional Capacity.

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner determines (1) whether claimant has engaged in substantial gainful activity since the alleged onset, (2) whether she has any severe mental or physical impairment(s), and (3) whether the severity of those impairment(s) meets or equals the severity of any impairment in the Listing of Impairments, 20 C.F.R., part 404, subpart. P, appendix 1. Id. After evaluating step three, the Commissioner assesses the claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of

the sequential evaluation process. Id.

At step one, the ALJ found that Plaintiff had worked, but not at a level of substantial gainful activity, since his alleged onset date of April 1, 2008 (Tr. 11). At steps two and three, he found that Plaintiff had severe physical impairments, but none that met or equaled the requirements of any listing, so he formulated Plaintiff's RFC at step four (Tr. 14-15). The ALJ found that Plaintiff could perform sedentary and light work as defined in the regulations,[1] with additional postural and environmental limitations (Tr. 15). After careful consideration of the evidence, the ALJ formulated Plaintiff's RFC based on his consideration of all of Plaintiff's symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929 and Social Security Rulings (SSRs) 96-4p and 96-7p (Tr. 15). He also considered opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p (Tr. 15).

Plaintiff argues that in formulating his RFC, the ALJ erred in evaluating his credibility and in considering the medical opinions of record. See Pl.'s Br. 9-12. This is not the case. Both the credibility evaluation and the discussion of the medical opinions are well-reasoned and well-supported by the evidence. As such, remand for further consideration of the RFC is not required.

---

[1] As defined by the regulations, "[s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1527(b), 416.927(b).

Credibility questions concerning a Plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003). To analyze a claimant's subjective complaints, the ALJ considers the entire record including the medical records, third party and the claimant's statements, and factors such as: 1) the claimant's daily activities; 2) the duration, frequency and intensity of pain; 3) dosage, effectiveness, and side effects of medication; 4) precipitating and aggravating factors; and 5) functional restrictions. See 20 C.F.R. §§ 404.1529, 416.929; Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

Here, the ALJ found Plaintiff's subjective complaints were not fully credible to the extent they exceeded the limitations in the RFC (Tr. 15-21). In determining that Plaintiff's allegations were not credible, the ALJ articulated the inconsistencies on which he relied in discrediting Plaintiff's subjective complaints, including the inconsistency between his allegations and the objective medical evidence, his minimal and conservative treatment, his poor work history, and the medical opinions (Tr. 15-21). Those inconsistencies are supported by the record; thus, the credibility determination should be affirmed. See Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004).

Plaintiff argues the ALJ failed to properly consider the issue of justifiable cause for the failure to follow prescribed treatment. See Pl.'s Br. 11-12. Plaintiff's argument is not on point and is without merit. The ALJ considered that Plaintiff's minimal and conservative treatment was inconsistent with his allegations of disability (Tr. 15-21). This is a valid and persuasive consideration in evaluating credibility, as a claimant's complaints of functional limitations are inconsistent with the failure to seek regular medical treatment for his symptoms. See Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003) ("[T]he ALJ concluded, and we agree, that if her pain was as severe as she alleges, would have sought regular medical treatment."). The ALJ

noted that Plaintiff had not "aggressively sought or frequently received medical treatment" and that there was "an absence of medical care during most of the time that the claimant asserts a disability, despite the available free or nearly free medical care in the St. Louis metropolitan area" (Tr. 19). He noted that Plaintiff saw Peggy Boyd-Taylor, D.O., in January and April 2008, and not again, attended his consultative examination three years later in May 2011, was briefly hospitalized in May 2012, and did not seek medical care after that date until his second physical consultative examination in October 2012 (Tr. 19-20). The ALJ found that this lack of medical care persisted despite the low-cost medical care available (Tr. 20). He recognized Plaintiff's claim that he was unable to afford the co-pay, but found this argument unpersuasive (Tr. 19-20). The Eighth Circuit Court of Appeals recognizes the legitimacy of this consideration by the ALJ. Although economic justifications for the lack of treatment can be relevant to a disability determination, Plaintiff offered no testimony or other evidence that he had been denied further treatment or access to prescription medicine on account of financial constraints. See Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005) ("However, there is no evidence [that the claimant] was ever denied medical treatment due to financial reasons.").

Further, the ALJ properly considered that Plaintiff took only ibuprofen for his pain – a conservative treatment method – which undermined his claim that his pain was disabling (Tr. 16-17, 19-20). Again, this is a legitimate consideration by the ALJ in considering the factors that support or detract from Plaintiff's credibility. The Eighth Circuit has consistently held that allegations of a disabling impairment may be properly discounted because of inconsistencies such as minimal or conservative medical treatment. See Loving v. Dept. of Health & Human Services, 16 F.3d 967, 970 (8th Cir. 1994). The ALJ may consider, as a credibility factor, that a claimant primarily used only over-the-counter pain-relief remedies to relieve symptoms.

8

Clevenger v. Soc. Sec. Admin., 567 F.3d 971, 976 (8th Cir. 2009);. Brunston v. Shalala, 945 F. Supp. 198, 201 (W.D. Mo. 1996)(use of over-the-counter Advil evidences that the plaintiff's pain was not of disabling severity).

Contrary to Plaintiff's argument, in evaluating the credibility of Plaintiff's complaints, the ALJ properly considered both Plaintiff's lack of medical treatment and his use of only conservative methods to control his pain. Plaintiff argues that the ALJ could not have considered Plaintiff's failure to follow prescribed treatment without first finding that he was disabled. See Pl.'s Br. 11-12. This is a separate and distinct consideration from the credibility determination and has no relevance to this case. The regulations states that an individual must follow prescribed treatment designed to *restore* an ability to work, but the regulation is premised on an individual who is already found disabled. See 20 C.F.R. §§ 404.1530, 416.930. The regulations and SSR 82-59 explain that this policy is only applicable to individuals who are otherwise disabled, and Plaintiff was never found disabled. See 20 C.F.R. §§ 404.1530, 416.930; SSR 82-59 (citing 20 C.F.R. §§ 404.1530, 416.930), available at http://www.ssa.gov/OP_Home/rulings/di/02/SSR82-59-di-02.html (Last visited Nov. 17, 2014). The ruling specifically states that; "Individuals with a *disabling impairment* which is amenable to treatment that could be expected to restore their ability to work must follow the prescribed treatment to be found under a disability, unless there is a justifiable cause for the failure to follow such treatment." SSR 82-59 (emphasis in original). An ALJ may use non-compliance with treatment or failure to seek and obtain treatment as an appropriate credibility factor without invoking the procedures set forth in 20 C.F.R §§ 404.1530, 416.930 and SSR 82-59.

The ALJ considered Plaintiff's failure to follow prescribed treatment with respect to noting that he did not follow-up from his emergency room visit, and that he was once prescribed

9

pain medication, but either did not fill the prescription, or did not have it refilled (Tr. 19-20). It was entirely proper for the ALJ to note Plaintiff's failure to follow treatment in the context of the credibility evaluation, as "[a] failure to follow a recommended course of treatment also weighs against a claimant's credibility." Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005). The ALJ articulated the inconsistencies upon which he relied in discrediting Plaintiff's testimony regarding his subjective complaints and because substantial evidence in the record as a whole supports this finding, this Court should affirm the ALJ's decision that Plaintiff was not credible to the extent he claimed he was disabled. See Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996).

Plaintiff also argues that the ALJ erred in considering the opinion of the physical consultative examiner, Alan Morris, M.D., in formulating his RFC. See Pl.'s Br. 9-11. Following Plaintiff's administrative hearing, in October 2012, Dr. Morris conducted a physical consultative examination of Plaintiff (Tr. 18, 305-07). Plaintiff alleged that he could lift 50 pounds while standing and 25 while sitting, sit and stand for 2 hours at one time, and walk for 30 minutes (Tr. 18, 306). Upon examination, Plaintiff could walk for 50 feet without a cane and had an antalgic limp favoring the right leg (Tr. 18, 306). He could not heel walk or toe walk because of pain and had limited motion of the right foot and ankle (Tr. 18, 306). He could dress and undress and demonstrated normal finger and hand control (Tr. 18, 306). He rose from a chair and got on and of the examination table independently (Tr. 18, 306). He had decreased motion of the right knee with 110 degrees flexion and 1 centimeter atrophy of the right thigh and right calf (Tr. 18, 306-07).

Dr. Morris completed a medical source statement and opined that during an 8-hour workday, Plaintiff could lift up to 50 pounds occasionally and up to 20 pounds frequently, and

carry up to up to 20 pounds occasionally and up to 10 pounds frequently; sit for 2 hours at a time and 3 hours total, stand for 2 hours at a time and 3 hours total, and walk for 30 minutes at a time and 2 hours total (Tr. 18, 312). He did not require a cane to ambulate (Tr. 18, 312). He could frequently reach, handle, finger, feel, and push and pull (Tr. 18, 313). He could never operate foot controls on the right, and could occasionally climb stairs and ramps, but could never climb ladders or scaffolds, could never balance, stoop, kneel, crouch, or crawl, and could never operate a motor vehicle or walk a block on rough or uneven surfaces (Tr. 19, 315-16). He could occasionally be exposed to unprotected heights and moving mechanical parts (Tr. 19, 315).

The ALJ gave much weight to the limitations in Dr. Morris's opinion that were supported by the evidence as a whole and were internally consistent with Dr. Morris's report (Tr. 20). Plaintiff argues that if the ALJ gave "much weight" to Dr. Morris's opinion, he should have found that he could not perform sedentary work. See Pl.'s Br. 11. But the ALJ found that certain of Dr. Morris's limitations were not supported by the record and were inconsistent with his own report, and as such, did not include these limitations in the RFC (Tr. 20). An appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion. See Goff, 421 F.3d at 790–91. The RFC is the most an individual can do despite the combined effect of all his credible limitations and is a determination based on all the record evidence. See 20 C.F.R. §§ 404.1545, 416.945; Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Dykes v. Apfel, 223 F.3d 865, 866-67 (8th Cir. 2000) (per curiam). The ALJ considered Plaintiff's impairments and found that they reduced his ability to stand, walk, and sit, so he limited Plaintiff to only sedentary and light exertional work with additional postural and environmental limitations (Tr. 15). See Perks v. Astrue, 687 F.3d 1086 (8th Cir. 2012) (Substantial evidence supported the determination that Plaintiff retained the ability to sit for six

hours where the ALJ reached this conclusion after partially discrediting the opinion of a consultative physician based on internal inconsistencies and where the ALJ's sitting limitation was supported by the record.) "[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) (quoting Schmidt v. Astrue, 496 F.3d 833, 845 (7th Cir. 2007)). There was not sufficient evidence in the record to support the extent of Dr. Morris's postural limitations, and the ALJ properly excluded such limitations from the RFC.

Similarly, the ALJ found that the record did not support a finding that Plaintiff could not walk a block on rough or uneven surfaces (Tr. 19, 316), where Plaintiff stated he could walk for 30 minutes, did not use a cane, and was observed to walk 50 feet at his physical consultative examination. The ALJ was also not required to mechanically find that Plaintiff could stand, walk, and sit for a certain number of hours – he found that Plaintiff could perform sedentary and light work as defined in the regulations, confirmed that the vocational expert was familiar with these regulatory definitions, and relied on the vocational expert's testimony that an individual with such limitations could perform "other work" that existed in significant numbers in the national economy. This was all that was required. Remand for further evaluation of Plaintiff's RFC is not necessary.

B.     The ALJ Properly Found that Plaintiff Could Perform "Other Work."

After formulating Plaintiff's RFC and finding that Plaintiff could not perform his past relevant work, the ALJ then recognized that, at step five of the sequential evaluation process, the burden shifts to the Commissioner to show "other work" that Plaintiff could perform (Tr. 21-22). The Commissioner may satisfy this burden through the testimony of a vocational expert. See 20 C.F.R. §§ 404.1566(e), 416.966(e); Guilliams v. Barnhart, 393 F.3d 798, 804 (8th Cir. 2005).

Such testimony, in the form of a response to a hypothetical question posed by the ALJ, constitutes substantial evidence supporting the Commissioner's decision, provided the ALJ's hypothetical includes all of claimant's credible physical and mental impairments. Id. The ALJ properly assessed Plaintiff's RFC and solicited the testimony of a vocational expert to determine that Plaintiff could perform other work in the national economy (Tr. 21-22, 65-71). The ALJ posed a hypothetical question to the vocational expert that included all of the limitations of his RFC, and the vocational expert testified that Plaintiff could perform sedentary and light work, including the representative occupations of parking lot attendant; contribution solicitor; cashier II; surveillance systems monitor; order clerk, food and beverage; and table worker (Tr. 68-70). The ALJ found that because there was other work that Plaintiff could perform, Plaintiff was not disabled (Tr. 21-23). The ALJ justifiably relied on the vocational expert's testimony in finding Plaintiff not disabled. See Nelson v. Sullivan, 946 F.2d 1314, 1317 (8th Cir. 1991).

C.      Additional Evidence Presented Only to the Appeals Council Does Not Require Remand.

Additional evidence dated after the ALJ's decision was submitted only to the Appeals Council (Tr. 1-4, 330-58). The Appeals Council must consider additional evidence if it is new, material, and relates to a time period before the ALJ's decision. 20 C.F.R. § 404.970(b); see Johnson v. Chater, 87 F.3d 1015, 1018 (8th Cir. 1996); Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995). The evidence submitted by Plaintiff did not relate to the time period at issue, as it was dated after the ALJ's decision, and the Commissioner's regulations provide that an application is effective through the date of the ALJ's decision. See 20 C.F.R. §§ 404.620, 416.330.

Plaintiff contends that the opinion of Dr. Boyd-Taylor related back to the time-period at issue and constituted sufficient basis for the Appeals Council to review the ALJ's decision. See Pl.'s Br. 6-8. In July 2013, Dr. Boyd-Taylor opined that Plaintiff's pain frequently interfered with the attention and concentration needed to perform even simple work tasks (Tr. 331). She opined that during an 8-hour workday, Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, sit for 2 hours, and stand and walk for less than 2 hours, when alternating positions at will and elevating his legs 8 to 10 inches every hour (Tr. 332-33). He could never stoop, bend, crouch, squat, or climb ladders and he would be expected to miss more than four days of work per month secondary to impairments or treatment (Tr. 334). The Appeals Council considered this evidence but found that it did not provide a basis for changing the ALJ's decision and denied review (Tr. 1-4).

Once it is clear that the Appeals Council has considered newly submitted evidence, the Court decides whether the ALJ's determination is supported by substantial evidence on the record as a whole, including new evidence submitted after determination was made. See Davidson v. Astrue, 501 F.3d 987, 990 (8th Cir. 2007). Dr. Boyd-Taylor's opinion does not require remand as it is inconsistent with and unsupported by the record as a whole, including the objective medical evidence, the other medical opinions, Plaintiff's own statements, Plaintiff's lack of treatment, Plaintiff's use of only ibuprofen to control his pain, and Dr. Boyd-Taylor's minimal and infrequent treating relationship with Plaintiff. See, e.g., Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006); Toland v. Colvin, 761 F.3d 931, 936 (8th Cir. 2014); Loving, 16 F.3d at 971. The Appeals Council reasonably found that the ALJ's opinion remained supported by substantial evidence despite Dr. Boyd-Taylor's opinion, and this Court should find the same.

14

Conclusion

Plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations. Substantial evidence on the record as a whole supports the Commissioner's decision. Accordingly, the Commissioner's decision should be affirmed.

Respectfully submitted,

RICHARD G. CALLAHAN
UNITED STATES ATTORNEY


 s/ Nicholas P. Llewellyn
NICHOLAS P. LLEWELLYN #43839MO
Assistant United States Attorney
111 South 10th Street, Suite 20.333
St. Louis, Missouri 63102
(314) 539-2200
(314) 539-2287 FAX
Email: nicholas.llewellyn@usdoj.gov

OF COUNSEL
Rhonda J. Wheeler
Acting Chief Counsel, Region VII
Social Security Administration

By
SARAH E. PRESTON, MO Bar #60154
Assistant Regional Counsel

CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Traci L. Severs, Attorney for Plaintiff, 211 N. Broadway, Suite 2400, St. Louis, MO 63102.

s/ Nicholas P. Llewellyn
NICHOLAS P. LLEWELLYN #43839MO
Assistant United States Attorney